# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| SEAN E. MARGULIS,<br><br>　　　　Appellant,<br><br>v.<br><br>FEDERAL NATIONAL MORTGAGE ASSOCIATION,<br><br>　　　　Respondent. | 2:11-CV-1630 JCM (CWH) |

**ORDER**

Presently before the court is appellee Federal National Mortgage Association's ("FNMA") motion to remand. (Doc. #7). Appellant Sean Margulis filed an opposition. (Doc. #11). Defendant then filed a reply. (Doc. #12).

FNMA purchased a property located at 10433 Bay Ginger Lane, Las Vegas, Nevada at a foreclosure sale on April 25, 2011. (Doc. #7, Ex. 1). Margulis, the prior owner of the property, refused to vacate the premises. (Doc. #7). Therefore, FNMA filed an unlawful detainer action in state court on May 23, 2011. (Doc. #7, Ex. 2). The parties then engaged in substantial legal proceedings in state court. The state court granted a temporary writ of restitution on July 5, 2011. (Doc. #7, Ex. 3). On September 1, 2011, Margulis filed a state court appeal. (Doc. #7, Ex. 4). Then, on October 7, 2011, Margulis removed the action to federal court. (Doc. #1).

FNMA advances several arguments to support its motion to remand, including: (1) this case does not satisfy the amount in controversy requirement of 28 U.S.C. § 1332; (2) Margulis did not

**James C. Mahan**
**U.S. District Judge**

remove the case within 30 days of receipt of a copy of the initial pleading pursuant to 28 U.S.C. § 1446(b); and (3) several state law procedural defaults. (Doc. #7). Margulis' opposition only addresses FNMA's amount in controversy argument; it does not address the untimeliness or state law procedural default arguments. (*See* Doc. #11).

Pursuant to 28 U.S.C. § 1446(b), a defendant must file a notice of removal of a civil action "within thirty days after the receipt by the defendant . . . of a copy of the initial pleading setting forth the claim for relief . . . ."

Margulis does not dispute – or even address – the fact that he has been litigating this case in state court for far longer than the 30-day window provided in 28 U.S.C. § 1446(b). Therefore, Margulis' removal was untimely.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that appellee Federal National Mortgage Association's motion to remand (doc. #7) be, and the same hereby is, GRANTED.

DATED December 23, 2011.

_____
UNITED STATES DISTRICT JUDGE